**Syed Shad AHMED, aka Shad Ahmed Syed, Syed Shad Ahomed, Petitioner—Appellant,**

v.

**John ASHCROFT, Attorney General, Respondent—Appellee.**

No. 02–70617.
INS No. A74–417–657.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2003.*

Decided March 17, 2003.

Before PREGERSON, THOMAS, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Shad Ahmed Syed ("Syed"), a citizen of Pakistan, petitions for review of the denial

---

* This panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

by the Board of Immigration Appeals ("BIA") and Immigration Judge ("IJ") of his claims for asylum, withholding of removal, and relief under Article 3 of the United Nations Convention Against Torture and Other Cruel, Unhuman or Degrading Treatment or Punishment ("CAT"). We grant the petition for review. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

The INS argues that Syed failed to establish a credible fear in light of the fact that his initial statements made to the Border Patrol Officer provide a basis to discredit his subsequent testimony that he provided in his application and at his hearing for relief. We rejected this argument in *Singh v. INS,* 292 F.3d 1017, 1021–23 (2002) by drawing a significant distinction between an alien's statements made in an application or hearing for asylum and those statements given to an INS officer who is conducting an interview at the border. Thus, the BIA's reliance on this factor was inappropriate. *Singh,* 292 F.3d at 1021 (concluding "that the Board's reliance on Singh's airport statements does not constitute a valid ground for an adverse credibility determination").

The INS also argues that Syed has failed to establish the basis of his requested relief because he was merely a member, rather than a leader, of a political organization. However, neither the BIA nor IJ denied Syed's claims for this reason. Further, the grant of asylum based on political opinion is not restricted to leaders of political organizations. *See, e.g., INS v. Elias–Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (leaving open the possibility that imputed political opinion and political neutrality may be sufficient for asylum eligibility); *Singh v. Ilchert,* 63 F.3d 1501, 1509 (9th Cir.1995) (establishing persecution on account of imputed political opinion with respect to individual who is not a member of any organization as basis for asylum eligibility).

Syed requests that we determine that he is entitled to relief on the basis of the record before us. However, neither the BIA nor the IJ addressed the question of whether Syed's testimony, if found credible, would be sufficient to establish his eligibility for his requested relief. In light of *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 356, 154 L.Ed.2d 272 (2002) (per curiam), we remand the question of Syed's eligibility for asylum, withholding, and relief under CAT[1] to the BIA for proceedings consistent with this memorandum.

**PETITION GRANTED; REMANDED.**

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In its decision, the BIA stated that the IJ had denied Syed's request for relief under CAT. In fact, the IJ's decision does not explicitly reference relief under CAT. The INS contends in its response to the petition for review that Syed never made such a request before the IJ. However, Syed raised the issue in his notice of appeal to the BIA and requests relief under CAT from us. It is impossible from the present record to determine the true facts concerning Syed's request for CAT relief. Thus, we remand this issue for the BIA's consideration as well.